UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

NISAN SALELITE,

    Plaintiff,

v.                                              Case No. 8:23-cv-2387-WFJ-AAS

HILLSBOROUGH COUNTY SHERIFF'S
OFFICE, *et al.*,

    Defendants.
_____/

## ORDER

THIS CAUSE comes before the Court on *pro se* Plaintiff Nisan Salelite's civil rights complaint, filed pursuant to 42 U.S.C. § 1983. (Doc. 1). Upon review, *see* 28 U.S.C. § 1915A, because Mr. Salelite has failed to state a viable § 1983 claim, he will be required to file an amended complaint if he wishes to proceed with this action.

Mr. Salelite sues the Hillsborough County Sheriff's Office, Judge Mark D. Kiser, Public Defender Jennifer Elizabeth Dunne, State Attorney Susan S. Lopez, Traffic Specialist Geraldo Dias Martins, Officer Mark Andrew Yost, and Officer Darwyn Sparks. (Doc. 1 at 2-3, 32, 34, 36). Mr. Salelite alleges that on April 24, 2023, he was falsely arrested at Tampa International Airport. (*Id.* at 40). The circumstances of the arrest are unclear. Mr. Salelite appears to allege that Mr. Martins contacted the police for an unspecified reason, and that Officer Yost subsequently interviewed Mr. Salelite at the airport. (*Id.* at 40, 42). During the interview, Mr. Salelite asked, "[A]re you going to take

it from me[?]" (*Id.* at 42). The complaint does not say what "it" was. In any event, another officer allegedly responded, "Now you['re] under arrest," then handcuffed Mr. Salelite. (*Id.*)

Criminal charges were subsequently brought against Mr. Salelite in Florida state court. (*Id.* at 44). Mr. Salelite does not describe the charges in his complaint, but the Court takes judicial notice that he is currently being prosecuted in the Thirteenth Judicial Circuit for battery on a law enforcement officer, resisting an officer without violence, and disorderly conduct. *State of Florida v. Salelite*, No. 23-CF-006060-A (13th Jud. Cir. Ct.). In the fall of 2023, Mr. Salelite filed a series of *pro se* motions in his state criminal case, including a motion for discovery and a motion for a private investigator. (Doc. 1 at 14-25). Judge Kiser denied all of the motions except the motion for discovery, which was granted "in part to the extent the Court found [Mr. Salelite] was entitled to a copy of his discovery." (*Id.* at 12). In his complaint, Mr. Salelite appears to take issue with Judge Kiser's rulings. (*Id.* at 44, 46). He also alleges that Ms. Dunne, his public defender, labored under an unspecified "conflict of interest" and "unreasonabl[y] delay[ed] . . . transfer[ring] . . . material evidence." (*Id.* at 46). Mr. Salelite similarly claims that State Attorney Lopez delayed "convey[ing] material evidence" in violation of his right to a speedy trial. (*Id.* at 48). As relief, Mr. Salelite seeks $700,001 in punitive damages, "speedy trial enforcement," and release from pretrial detention. (*Id.* at 26-27).

Mr. Salelite's complaint is deficient. First, the claim against the Hillsborough County Sheriff's Office lacks merit. To state a viable § 1983 claim, the named defendants must be "subject to suit or liability." *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992).

The capacity to be sued is determined by the law of the state in which the district court sits. Fed. R. Civ. P. 17(b). Under Florida law, a sheriff's office lacks the capacity to be sued. *See Faulkner v. Monroe Cnty. Sheriff's Dep't*, 523 F. App'x 696, 701 (11th Cir. 2013) ("Florida law has not established [s]heriff's offices as separate legal entities with the capacity to be sued."). Because the Hillsborough County Sheriff's Office is not subject to suit under § 1983, the claim against it is dismissed with prejudice.

Second, Mr. Salelite fails to state a viable claim against Judge Kiser. Mr. Salelite appears to allege that Judge Kiser erroneously denied several *pro se* motions in his state criminal case. But "[j]udges are entitled to absolute judicial immunity from damages for those acts taken while they are acting in their judicial capacity unless they acted in the clear absence of all jurisdiction." *Sibley v. Lando*, 437 F.3d 1067, 1070 (11th Cir. 2005). Because Judge Kiser was acting within his judicial capacity and did not rule in "the clear absence of all jurisdiction," he is entitled to absolute judicial immunity. *Id.* Thus, the claim against Judge Kiser is dismissed with prejudice.

Third, Mr. Salelite cannot proceed against Public Defender Dunne or State Attorney Lopez. "[A] public defender does not act under color of state law when performing the lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981). Accordingly, the claim against Ms. Dunne is dismissed with prejudice. Likewise, the claim against State Attorney Lopez is dismissed with prejudice because she is entitled to absolute prosecutorial immunity for her role in

prosecuting Mr. Salelite.[1] *See Rivera v. Leal*, 359 F.3d 1350, 1353 (11th Cir. 2004) ("A prosecutor is entitled to absolute immunity for all actions he takes while performing his function as an advocate for the government.").

Fourth, Mr. Salelite fails to state a plausible claim against Mr. Martins, Officer Yost, or Officer Sparks. Mr. Salelite appears to allege that, in April 2023, these defendants falsely arrested him at Tampa International Airport. "An arrest without a warrant and lacking probable cause violates the Constitution and can underpin a § 1983 claim, but the existence of probable cause at the time of arrest is an absolute bar to a subsequent constitutional challenge to the arrest." *Brown v. City of Huntsville, Ala.*, 608 F.3d 724, 734 (11th Cir. 2010). "Probable cause exists where the facts within the collective knowledge of law enforcement officials, derived from reasonably trustworthy information, are sufficient to cause a person of reasonable caution to believe that a criminal offense has been or is being committed." *Id.* Mr. Salelite fails to allege facts showing that he was arrested without probable cause. Indeed, he offers almost no pertinent information about the circumstances of his arrest, making it impossible to determine whether "a person of reasonable caution [would] believe that a criminal offense ha[d] been or [was] being committed." *Id.* Thus, the claims against Mr. Martins, Officer Yost, and Officer Sparks are dismissed without prejudice.

Accordingly, it is **ORDERED** that:

---

[1] To the extent that Mr. Salelite seeks injunctive relief against Judge Kiser or State Attorney Lopez, that request lacks merit because Mr. Salelite has "an adequate remedy at law for the violations alleged" in the complaint—namely, an appeal through the state-court system. *Bolin v. Story*, 225 F.3d 1234, 1242-43 (11th Cir. 2000); *see also Tarver v. Reynolds*, 808 F. App'x 752, 754 (11th Cir. 2020) ("A state appellate process is an adequate remedy at law.").

1. Mr. Salelite's claims against the Hillsborough County Sheriff's Office, Judge Kiser, Public Defender Dunne, and State Attorney Lopez are **DISMISSED with prejudice**.

2. Mr. Salelite's claims against Mr. Martins, Officer Yost, and Officer Sparks are **DISMISSED without prejudice**.

   a. If Mr. Salelite wishes to amend his claims against Mr. Martins, Officer Yost, and Officer Sparks, he shall file an amended complaint within **THIRTY DAYS** of the date of this order.

   b. To amend, Mr. Salelite should complete a new civil rights complaint form, titling it "Amended Complaint." The amended complaint must include all of Mr. Salelite's claims that he wishes to pursue and may not refer back to, or incorporate, the complaint. The amended complaint shall supersede the complaint. *Malowney v. Fed. Collection Deposit Group*, 193 F.3d 1342, 1345 n.1 (11th Cir. 1999).

   c. The amended complaint shall be subject to initial screening under 28 U.S.C. § 1915A.

3. If Mr. Salelite fails to file an amended complaint by the above deadline, or fails to seek an extension of time to do so, this order dismissing the complaint will become a final judgment. "[A]n order dismissing a complaint with leave to amend within a specified time becomes a final judgment if the time allowed for amendment expires without the plaintiff [amending his complaint or] seeking an extension. And when the order becomes a final

judgment, the district court loses 'all its prejudgment powers to grant any more extensions' of time to amend the complaint." *Auto. Alignment & Body Serv., Inc. v. State Farm Mut. Auto. Ins. Co.*, 953 F.3d 707, 720-71 (11th Cir. 2020) (quoting *Hertz Corp. v. Alamo Rent-A-Car, Inc.*, 16 F.3d 1126 (11th Cir. 1994)).

4. Mr. Salelite must advise the Court of any change of address. He must entitle the paper "Notice to the Court of Change of Address" and must exclude any motions from the notice. Failure to inform the Court of an address change may result in the dismissal of this case without further notice.

5. The Clerk is **DIRECTED** to mail to Mr. Salelite a copy of the standard prisoner civil rights complaint form.

**DONE** and **ORDERED** in Tampa, Florida, on November 27, 2023.

WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE